UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CV-80290-ROSENBERG/REINHART

JONATHAN MILLER,

     Plaintiff,

vs.

JOYCE EISEN, et al.,

     Defendants.

_____/

**ORDER DENYING THE DEFENDANTS' SECOND MOTION FOR EXTENSION
OF TIME AND ORDER REQUIRING THE PLAINTIFF TO INFORM THE COURT
WHETHER THE PLAINTIFF CONSENTS TO THE COURT'S TERMS OF DISMISSAL**

     This matter is before the Court on the Plaintiff's Motion for Voluntary Dismissal Without Prejudice at docket entry 24. The Defendants oppose the Motion because the Plaintiff seeks a dismissal without prejudice in lieu of a dismissal with prejudice.[1] The Court previously granted the Defendants an extension of time to respond to the Motion. DE 31. In lieu of a response, the Defendants filed a second motion for extension of time. DE 33. The Court exercises its discretion to deny the second request for additional of time and proceeds to address the Plaintiff's Motion.

     Under Federal Rule 41(a)(2), a plaintiff may seek dismissal "on terms that the court considers proper." "The purpose of the rule is primarily to prevent voluntary dismissal which unfairly affect the other side, and to permit the imposition of curative conditions." *McCantis v.*

---

[1] According to the Plaintiff, one Defendant also demands payment of $100,000 for attorney's fees. DE 25 at 8.

*Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986).  A district court possesses broad discretion in determining whether to allow a voluntary dismissal. *Id.*

In cases where a plaintiff's cause of action, if adjudicated in favor of a defendant, could result in the defendant's entitlement to attorney's fees, courts have required the plaintiff to pay reasonable litigation costs as a condition of dismissal. *E.g., Pohl v. MH Sub I, LLC*, 407 F. Supp. 3d 1253, 1257 (N.D. Fla. 2019).  Here, because the Plaintiff's sole cause of action seeks a declaratory judgment, and because there is no basis in the law for an automatic entitlement to attorney's for the failure to prevail on such a claim, the Court can see no basis to impose the payment of attorney's fees as a precondition of dismissal.

As for other potential preconditions of dismissal, this case is still relatively new, with discovery not set to end until January 8, 2024, and trial set for May 6, 2024.  There is only a small amount of motion practice recorded in the court file, and this case has not proceeded, for example, to summary judgment.  Therefore, in light of the procedural posture of this case, the Court concludes that there is only one form of legal prejudice for which the Defendants should be protected—the potential of the Plaintiff to re-file this action.  Historically, courts protect defendants from the potential prejudice of a re-filed action by imposing conditional attorney's fees and costs. *E.g., Studstill v. Appling Cnty.*, No. CV 216-130, 2016 WL 6645781 (S.D. Ga. Nov. 7, 2016).  The Court concludes that such a condition is appropriate here.  In the event the Plaintiff re-files this action, the Plaintiff must pay all attorney's fees and costs incurred by Defendants in defending the instant action.

Based upon conditions set forth above, which are the terms that the Court deems proper, the Court will permit the Plaintiff to dismiss his case without prejudice.   The Plaintiff is **ORDERED** to inform the Court whether he accepts the Court's terms by October 26, 2023.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 20th day of October, 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE