UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80290-RLR

JONATHAN MILLER,

                Plaintiff,

vs.

JOYCE EISEN, and
SCOTT MILLER, as Trustee of the Sydney Miller Trust

                Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES [ECF No. 46]

Sydney Miller had four children. He had a long-term girlfriend — Joyce Eisen. Sydney also had a revocable trust. As originally drafted, the trust was to be divided equally among the four children when Sydney died. In 2020, Sydney amended the trust to include a $420,000 bequest to Ms. Eisen. Sydney died in 2022.

In February 2023, one of the sons — Jonathan — sued Eisen and the Trust (as a nominal defendant through his brother Scott as Trustee) for a declaratory judgment that the trust amendment that gave $420,000 to Ms. Eisen was null and void because of fraud and undue influence. ECF No. 1. Seven months later, after a brief period of litigation and a discovery ruling adverse to Jonathan's position, Jonathan moved under Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss the Complaint "without prejudice and without fees or costs to any side." ECF No. 24. Ms. Eisen wanted a dismissal with prejudice. ECF No. 34 at 1.

Judge Rosenberg told the parties she was inclined to grant Jonathan's Motion to Dismiss on the following terms:

- A dismissal without prejudice;
- No attorney's fees would be paid to Ms. Eisen;
- "In the event the Plaintiff re-files this action, the Plaintiff must pay all attorney's fees and costs incurred by Defendants in defending the instant action."

ECF No. 34. Jonathan agreed to the Court's proposed conditions. ECF No. 37. Judge Rosenberg then dismissed the case without prejudice subject to the agreed conditions. ECF No. 38. Ms. Eisen did not object to the Court's proposal, nor did she move to reconsider it.

After the dismissal order, Ms. Eisen moved for $104,831.87 in attorneys' fees. ECF No. 46. Judge Rosenberg referred that motion to me for appropriate disposition. ECF No. 49. Both Jonathan and the Trust opposed the motion for attorneys' fees. ECF Nos. 50 (Jonathan), 51 (Trust). Ms. Eisen filed a reply. ECF No. 52.

I have reviewed all the relevant pleadings and am otherwise fully advised. This matter is ripe for decision.

## THE PARTIES' ARGUMENTS

Ms. Eisen says she is entitled to recover her attorneys' fees under Florida Statute 736.1005(1), which says, "Any attorney who has rendered services to a trust may be awarded reasonable compensation from the trust." She also says that if the Trust does not have enough money to pay her fees the Court should assess the Trust

beneficiaries under Florida Statute 736.1005(2). She says her lawyers spent 201.8 hours working on the case. ECF No. 46 at 15.

The Trust and Jonathan adopt each other's arguments in response to the Motion. ECF Nos. 50, 51. First, Ms. Eisen is barred from recovering fees because Judge Rosenberg already determined that each party should bear its own costs and fees and Ms. Eisen never directly objected to that ruling. Second, Ms. Eisen's lawyers did not render services to the Trust, they rendered services to her. Third, even assuming Ms. Eisen's counsel rendered services to the Trust, the Court should exercise its discretion and not award any fees under Section 736.1005(1). Fifth, Ms. Eisen did not provide prior written notice to the trustee, as required by Florida Statutes. Finally, even assuming Ms. Eisen is entitled to her attorneys' fees, the requested amount is excessive.

Ms. Eisen replies that Judge Rosenberg's Order does not preclude a fee award, that she did not waive her claim to fees, that she benefited the Trust because she upheld Sydney's intent to give her $420,000, and that she gave proper statutory notice.

## DISCUSSION

Ms. Eisen cannot now claim fees in this case under Section 736.1005(1) because she did not raise this issue before Judge Rosenberg ruled that all parties should bear their own fees and costs. A claim is forfeited if it could have been raised, but was not,

before a dispositive ruling on the disputed issue. *See United States v. Campbell,* 26 F.4th 860, 872 (11th Cir.), *cert. denied,* 143 S. Ct. 95, 214 L. Ed. 2d 19 (2022).[1]

Ms. Eisen does not dispute that Judge Rosenberg's dismissal order said all parties to this litigation should bear their own fees and costs. She does not dispute that she knew ahead of time that Judge Rosenberg intended to impose this term on the dismissal. She cannot dispute that she had the opportunity to comment on the proposed terms of the dismissal. And, she cannot dispute that she never tried to assert a claim for fees under Section 736.1005(1) before Judge Rosenberg ruled.

Nevertheless, Ms. Eisen says she has "at all times made clear that she would be seeking an award of attorneys' fees incurred in her dispute with Plaintiff. Eisen told Plaintiff that she opposed his Motion for Voluntary Dismissal on that basis. She advised the Court that was her position on both of her motions for extension of time ***to file her opposition.***" ECF No. 52 at 3 (emphasis in original). Ms. Eisen's first Motion for Extension of Time to respond to the Motion for Voluntary Dismissal makes no mention of attorneys' fees. ECF No. 30. The Second Motion for Extension of Time discusses a conversation between Ms. Eisen's counsel and Jonathan in which Ms. Eisen's counsel said it opposed a dismissal without fee shifting. ECF No. 33 ¶13. Regardless, with awareness of Ms. Eisen's position, Judge Rosenberg rejected it. The

---

[1] In asserting that Ms. Eisen cannot seek fees now, Jonathan and the Trust say that Ms. Eisen "waived" this argument. It is more accurate to say she "forfeited" it. "[F]orfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right." *Kontrick v. Ryan,* 540 U.S. 443, 458 n.13 (2004) quoted in *Campbell,* 26 F.4th at 872.

4

next day she circulated her proposed dismissal terms. ECF No. 34. That order barred all claims for attorneys' fees, under whatever legal theory.

The record is clear that after Judge Rosenberg advised the parties of the terms under which she would agree to dismiss this case, Ms. Eisen did not object, nor did she seek reconsideration or modification of the dismissal order.[2] Notably, she did not tell Judge Rosenberg that she intended to seek fees under Florida Statute 736.1005(1), which would have been directly contrary to what Judge Rosenberg was trying to accomplish by imposing terms on the voluntary dismissal. Had Ms. Eisen shared this information with the Court, Judge Rosenberg almost certainly would have addressed it in her dismissal order by prohibiting Ms. Eisen from bringing this claim. Rather than be forthright with the Court during the litigation (and risk an adverse ruling at that time), Ms. Eisen and her counsel now try to effectively undo Judge Rosenberg's carefully considered dismissal order. This situation is precisely why claims not raised before the Court rules are forfeited; otherwise, the Court's rulings would never be final. In sum, by not candidly telling the Court in advance that they intended to seek fees despite their full knowledge of the proposed terms of the dismissal order, Ms. Eisen and her counsel cannot now assert any right to fees.

---

[2] Ms. Eisen says she was not required to seek reconsideration "in order to obtain an award of fees under Fed. R. Civ. P. 54(d), Local Rule 7.3, and Fla. Stat 736.1005(1)." First, Rule 54(d) and Local Rule 7.3 do not create a substantive right to fees. They merely establish procedures for how an attorneys' fee issue can be raised, when those fees otherwise are available. Where, as here, the Court has ruled that no fees can be awarded, Rule 54(d) and Local Rule 7.3 have no relevance.

In any event, even if the claim was not forfeited, the Court should exercise its discretion under Section 735.1005(1) and decline to shift fees for the same reasons that Judge Rosenberg thought it proper to not shift fees as part of the Rule 41(a)(2) dismissal order. That exercise of discretion is particularly apt here because Ms. Eisen seeks her fees from the Trust, which was a neutral nominal defendant, not from the person who brought the lawsuit against her.

Even assuming that Ms. Eisen did not waive her right to make a claim under Section 736.1005(1), she has not shown that her actions benefitted the Trust by affirming Sydney's intent. As the Trust and Jonathan point out, there was no adjudication on the merits whether the testamentary gift was based on fraud or undue influence. And, Jonathan retains the right to refile his lawsuit and obtain a ruling on that issue. So, because there has not been a judicial finding of Sydney's intent, Ms. Eisen's theory of how she benefitted the Trust fails.[3]

Because Ms. Eisen is not entitled to recover attorneys' fees, I do not address the specific objections to the lodestar request. I note, however, that working 201.8 hours on this case, as Ms. Eisen's attorneys claim to have done, is not reasonable. That is the equivalent of 25 full eight-hour days; the equivalent of a full month of work on a case that began in February 2023 and was dismissed less than a year later. After being served with the one-count complaint for declaratory relief and before being told that the plaintiff wanted to voluntarily dismiss the case, Ms. Eisen's

---

[3] I do not address the remaining arguments made by the respective parties about whether Ms. Eisen is entitled to attorneys' fees.

counsel filed an Answer (ECF No. 11), a Rule 26 scheduling report (ECF No. 14), a notice of appearance of counsel (ECF No. 17), a notice of mediator selection (ECF No. 18), and a discovery memorandum. ECF No. 20.  They participated in a discovery hearing that lasted 30 minutes. ECF No. 22. After that and before filing their fee motion, they filed three motions for extension of time. ECF Nos. 30, 33, 39. Even accounting for time researching facts and preparing pleadings, 201.8 hours for this work is excessive. When awarding fees, the Court must consider "what a reasonable, paying client would be willing to pay." *Vargoshe v. Advanced Cap. Sols., Inc.*, No. 19-80880-CIV, 2020 WL 9549666, at *2 (S.D. Fla. Apr. 15, 2020) (J. Reinhart) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008)), *report and recommendation adopted,* No. 9:19-CV-80880, 2020 WL 9549536 (S.D. Fla. May 4, 2020). Perhaps Ms. Eisen is willing to pay $104,000 to get $420,000. But, no *reasonable* paying client would pay that amount for the amount of work that this case reasonably required.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DENY Ms. Eisen's Motion for Attorneys' Fees (ECF No. 46).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being

served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers this 20th day of February, 2024, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE