UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80290-ROSENBERG

JONATHAN MILLER,

        Plaintiff,

v.

JOYCE EISEN & SCOTT MILLER, as Trustee
of the Sydney Miller Trust,

        Defendants.
_____/

**ORDER ADOPTING IN PART THE MAGISTRATE'S REPORT AND RECOMMENDATION AND DENYING MOTION FOR ATTORNEYS' FEES**

This matter is before the Court upon Defendant Joyce Eisen's Motion for Attorneys' Fees, DE 46, which was previously referred to the Magistrate Judge for a Report and Recommendation. On February 20, 2024, the Magistrate Judge issued a Report and Recommendation recommending that the Motion be denied. DE 53. On March 5, 2024, Eisen filed Objections to the Report and Recommendation. DE 54. On March 19, 2024, Plaintiff Jonathan Miller and Defendant Scott Miller, as Trustee of the Sydney Miller Trust, filed Responses to Eisen's Objections. DE 55; DE 56. The Court has reviewed the record and is otherwise fully advised in the premises. For the reasons explained below, the Court **ADOPTS IN PART** the Report and Recommendation and **DENIES** the Motion.

    **I.**        **Case Background and History**

The Court begins with the procedural history of this dispute between co-beneficiaries of the Sydney Miller Trust. DE 1. Jonathan and Scott Miller are both sons of the now-deceased Sydney Miller. *Id.* at ¶¶ 1–10, 32. Eisen was Sydney Miller's long-time girlfriend until his death.

*Id.* at ¶¶ 17–19, 83–84. When the Trust was created in 2005, the only beneficiaries were Sydney Miller's children. *Id.* at ¶¶ 17–19, 32. In 2020, Sydney Miller made Eisen an additional beneficiary of the Trust. *Id.* at ¶ 1. He then died in 2022. *Id.* at ¶¶ 79, 83.

After Sydney Miller's death, all Trust beneficiaries except Eisen received their disbursement. DE 46 at 11. Then, on February 24, 2023, Jonathon Miller brought this suit seeking a declaratory judgment against Eisen, alleging that she procured the 2020 Trust amendment through fraud and undue influence and asking the Court to invalidate the 2020 Trust amendment. DE 1. The Trust was named as a nominal defendant with no claim against it. *Id.* at ¶ 10.

The case proceeded without any motion filed until August 17, 2023, when Eisen filed a discovery motion seeking to bar Plaintiff's access into her financial records. DE 20. The Magistrate Judge prohibited Plaintiff from a broad review of Eisen's financial records. DE 22; DE 23. Upon receiving this ruling, Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice. DE 25 at 1–3. Eisen opposed Plaintiff's motion for dismissal in part because she wanted Plaintiff to pay her attorneys' fees. *Id.* at 4–5. Eisen never filed her response to the motion for dismissal, however, because after requesting a second motion for extension of time to respond, the Court denied the extension motion and ruled on the dismissal motion. DE 34.

In dismissing the case, the Court noted that "because the Plaintiff's sole cause of action seeks a declaratory judgment, and because there is no basis in the law for an automatic entitlement to attorneys' for the failure to prevail on such a claim, the Court can see no basis to impose the payment of attorneys' fees as a precondition of dismissal." *Id.* at 2. So, the Court proposed the terms of dismissal be that if Plaintiff re-filed this action, he "must pay all attorneys' fees and costs incurred by Defendants in defending the instant action." *Id.* Plaintiff accepted these terms,

2

dismissing his claim without prejudice on October 24, 2023. DE 37.

## II.     The Instant Motion is an Untimely Cross-Claim.

On January 11, 2024, Eisen filed a Motion for attorneys' fees and costs, arguing that she is entitled to such relief pursuant to Fla. Stat. § 736.1005(1). DE 46. The Report and Recommendation states that the Court had previously decided that all parties would bear their own attorneys' fees and costs, addressing Eisen's statutory demand. DE 53 at 4. However, the Court did not address whether Fla. Stat. § 736.1005(1) provides such relief to Eisen from co-Defendant Trust.[1]

Nonetheless, the Court finds that because Eisen seeks attorney's fees from her co-Defendant, her request for fees amounts to an unpled, untimely cross-claim. Since cross-claims are pleadings pursuant to Fed. R. Civ. P. Rule 7(a), Eisen was required to file her pleading by the Court-ordered deadline of August 14, 2023. *See* DE 15 (outlining the Court's case development deadlines).[2] Therefore, any request to file a cross-claim is late under the Court's deadline. Furthermore, a cross-claim cannot be filed after the original pleading is dismissed. *E.g., Ford v. Ford*, 100 F.2d 227, 228 (5th Cir. 1938) (holding that after dismissal of a plaintiff's suit, it "was too late to file a cross-claim.").[3] Here, the original pleading has been dismissed.

## III.    Alternatively, the Court Would Dismiss the Cross-Claim.

---

[1] Eisen agrees with this in her Objections. *See* DE 54 at 10 ("All the Dismissal Order concluded was that without an automatic entitlement to attorneys' fees for defeating a declaratory judgment claim the Court would not 'impose the payment of attorney's fees as a precondition of dismissal.'") Since Eisen does argue against the Court's conclusion on an automatic entitlement directly from Plaintiff, the Court deems this issue resolved.

[2] Eisen claims she first raised this entitlement to attorneys' fees in her Answer. DE 54 at 3–4. But she did not properly raise it as a cross-claim: In her Answer, Eisen included a paragraph requesting attorney's fees from either Plaintiff or the Trust according to the Florida Trust Code. DE 11 at 12. She did not style the demand as a cross-claim pursuant to the requirements in Fed. R. Civ. P. Rules 8 and 10, which require, among others, a caption and a statement of the grounds for relief.

[3] Fifth Circuit decisions prior to September 31, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Even if Eisen's answer qualified as a cross-claim, or even if the Court excused Eisen's untimely request to file such a claim, the Court would decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the claim with original jurisdiction (Plaintiff's Complaint) has been dismissed and Eisen's request for attorney's fees would involve complex issues of state trust law.

Furthermore, the Court has no original jurisdiction over Eisen's proffered cross-claim for attorney's fees.  The cross-claim is based in state law and thus is not entitled to federal question jurisdiction. *See Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1289 (11th Cir. 2004) (stating that 28 U.S.C. § 1331 provides federal question jurisdiction for all civil actions arising under federal law).  Diversity jurisdiction is also lacking since the amount in controversy does not exceed the $75,000 requirement in 28 U.S.C. § 1332.

The amount in controversy is not met because Eisen's request for fees, sourced in Florida Statute § 736.1005(1), is for a reasonable attorney's fee.  When adjudicating reasonable fees, courts determine the number of hours reasonably expended and the reasonable hourly rates, and then multiply those two figures. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).  The product is called the "lodestar," and it is presumed to be "the reasonable sum the attorneys deserve." *Id.* (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66 (1986)).  The reasonableness of hours and rates can be based on the Court's experience and is guided by a multitude of factors. *Bivins*, 548 F.3d at 1350; *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("[W]here the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience.").

4

Here, the Court adopts the Report and Recommendations' finding that Eisen's requested fees ($104,831) are objectively unreasonable, and that any lodestar calculation of a reasonable fee would be far less than Eisen's requested amount.  Eisen's defense consisted of nine filings on the docket and an appearance at a thirty-minute discovery hearing. Of her nine filings, only two were substantive; they consisted of an answer to the one-count Complaint and a discovery motion. Should Eisen prevail on her request for fees, any reasonable award would not exceed $75,000. Therefore, the amount in controversy requirement for diversity jurisdiction is not met, the Court would lack diversity jurisdiction over Eisen's proffered cross-claim, and the Court would dismiss the claim. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010) (holding that a district court may rely upon its judicial experience and common sense to determine the amount in controversy in a case).

### IV.      Conclusion

This case was dismissed on October 24, 2023.   Litigation has now concluded. Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation, DE 25, is hereby **ADOPTED IN PART**, and
2. Defendant's Motion for Attorneys' Fees, DE 46, is **DENIED** for the reasons set forth in this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of April, 2024.

 _____
 ROBIN L. ROSENBERG
 UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record